NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**MORRIS REESE**

*Plaintiff-Appellant*

**v.**

**SPRINT NEXTEL CORPORATION**

*Defendant-Appellee*

———————————————

2018-1971

———————————————

Appeal from the United States District Court for the Central District of California in No. 2:13-cv-03811-ODW-PLA, Judge Otis D. Wright, II.

-------------------------------------------------------

**MORRIS REESE**

*Plaintiff-Appellant*

**v.**

**TRACFONE WIRELESS, INC., ERRONEOUSLY SUED AS TRACFONE WIRELESS SERVICES INC.,**

*Defendant-Appellee*

———————————————

2018-1972

———————————————

Appeal from the United States District Court for the Central District of California in No. 2:13-cv-05196-ODW-PLA, Judge Otis D. Wright, II.

------------------------------------------------------

**MORRIS REESE**
*Plaintiff-Appellant*

**v.**

**VERIZON WIRELESS SERVICES LLC, ERRONEOUSLY SUED AS CELLCO PARTNERSHIP, DOING BUSINESS AS VERIZON WIRELESS,**
*Defendant-Appellee*

————————————

2018-1973

————————————

Appeal from the United States District Court for the Central District of California in No. 2:13-cv-05197-ODW-PLA, Judge Otis D. Wright, II.

------------------------------------------------------

**MORRIS REESE**
*Plaintiff-Appellant*

**v.**

**AT&T MOBILITY II LLC**
*Defendant-Appellee*

————————————

2018-1974

--------------------------------

Appeal from the United States District Court for the Central District of California in No. 2:13-cv-05198-ODW-PLA, Judge Otis D. Wright, II.

------------------------------------------------------

**MORRIS REESE**
*Plaintiff-Appellant*

**v.**

**T-MOBILE USA, INC.,**
*Defendant-Appellee*

--------------------------------

2018-1975

--------------------------------

Appeal from the United States District Court for the Central District of California in No. 2:13-cv-05199-ODW-PLA, Judge Otis D. Wright, II.

--------------------------------

Decided: June 10, 2019

--------------------------------

HOLLY H. BARNES, Law Office of Holly Barnes, PC, Humble, TX, for plaintiff-appellant.

MICHAEL SONGER, Crowell & Moring, LLP, Washington, DC, for defendants-appellees TracFone Wireless, Inc., AT&T Mobility II LLC. Also represented by VINCENT JOHN GALLUZZO, JOSHUA M. RYCHLINSKI. Defendant-appellee TracFone Wireless, Inc. also represented by SHARON A. ISRAEL, Shook, Hardy & Bacon, LLP, Houston, TX.

JAY E. HEIDRICK, Polsinelli PC, Kansas City, MO, for defendant-appellee Sprint Nextel Corporation.

KEVIN PAUL ANDERSON, Duane Morris LLP, Washington, DC, for defendant-appellee Verizon Wireless Services LLC.

GREER N. SHAW, Hagens Berman Sobol Shapiro LLP, Pasadena, CA, for defendant-appellee T-Mobile USA, Inc.

_____

Before REYNA, HUGHES, and STOLL, *Circuit Judges.*

REYNA, *Circuit Judge.*

Morris Reese appeals from a grant of summary judgment by the U.S. District Court for the Central District of California determining that certain claims of the asserted patent are ineligible under 35 U.S.C. § 101. The asserted claims are directed to an abstract idea and the claim elements do not transform the nature of the claims into a patent-eligible invention. We affirm.

## BACKGROUND

Morris Reese ("Reese") owns and is the named inventor of U.S. Patent No. 6,868,150 ("the '150 patent"). The '150 patent relates to an apparatus and method of providing call waiting and caller ID service through the central office of a telephone service provider. '150 patent, Abstract. Reese contends that Defendants,[1] who are cellular services providers, infringe claims 23 and 32 of the '150 patent:

_____

[1] This is a consolidated appeal involving separate cases and five different defendants: Sprint Nextel Corporation, TracFone Wireless, Inc., Verizon Wireless Services, LLC, AT&T Mobility II LLC, and T-Mobile USA Inc.

23. A method for indicating to a first party who subscribes to a Custom Local Area Signaling System (CLASS) service including Caller Identification (Caller ID) and who is engaged in a telephone call conversation with a second party an incoming call from a third party calling a telephone number of the first party, comprising the steps of:

(a) receiving at a terminating central office (TCO) of the fist [*sic*] party who subscribes to said CLASS service including said Caller ID and who is engaged in the telephone conversation with the second party the third party directory telephone number (DN) flagged as private from an originating central office of the third party, indicating that said DN of the third party is not to be disclosed at the first party called station; and

(b) said TCO then sending a call waiting (CW) tone signal to the first party, said CW tone signal indicates to the first party the incoming call from the third party.

. . . .

32. A method for sending a call waiting (CW) tone signal only to a first party who subscribes to a Custom Local Area Signaling System (CLASS) service including Caller Identification (Caller ID) and who is engaged in a telephone conversation with a second party, comprising the steps of:

(a) receiving at a terminating central office (TCO) of the first party who subscribes to

---

Defendants jointly moved for summary judgment in each case. J.A. 736–41.

said CLASS service including said Caller ID and who is engaged in the telephone conversation with the second party a calling third party directory telephone number (DN) flagged as private from an originating central office of the calling third party indicating that said received DN of the calling third party is not to be disclosed at the first party called station; and

(b) said TCO then sending said CW tone signal to the first party.

'150 patent col. 10 l. 15–col. 11 l. 26.

The district court found that claims 23 and 32 of the '150 patent are directed to patent-ineligible subject matter and granted summary judgment in favor of Defendants. *Reese v. Sprint Nextel Corp.*, No. 2:13-CV-03811, 2018 WL 1737613, at *6 (C.D. Cal. Apr. 9, 2018). It reasoned that even under Reese's description of the claims' purpose—"to indicate to a subscriber to both call waiting and caller ID, who is already engaged in a call, using an audible tone signal, the existence of an incoming call from a third party whose directory telephone number has been flagged private"—the claims were directed to an abstract idea. *Id.* at *5–6. The district court further reasoned that the claims did not recite "actual processes or necessary equipment" for performing the claimed methods and failed to transform the nature of the claims into something more than the abstract idea. *Id.* at *6.

Reese appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a district court's grant of summary judgment under the law of the regional circuit, here the Ninth Circuit. *See Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1146 (Fed. Cir. 2016) (citations omitted). The

Ninth Circuit reviews summary judgment de novo. *Humane Soc'y of the U.S. v. Locke*, 626 F.3d 1040, 1047 (9th Cir. 2010). Patent eligibility under 35 U.S.C. § 101 is reviewed de novo. *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1311 (Fed. Cir. 2016).

The Supreme Court's two-step framework for patent eligibility requires us to consider (1) whether a claim is directed to a patent-ineligible concept—an abstract idea, law of nature, or natural phenomenon—and (2) if so, whether the claim elements considered individually, or as an ordered combination, "transform the nature of the claim into a patent-eligible application." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (citing *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216–18 (2014) (internal quotations omitted)).

## I. Claim Construction

We first address Reese's contention that the district court erred by granting summary judgment without construing the claims. *See* Appellant Br. 14. We disagree.

"Although the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter, claim construction is not an inviolable prerequisite to a validity determination under § 101." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014). In some cases, there is no claim construction dispute relevant to the eligibility issue. *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1374 (Fed. Cir. 2016). In such cases, the court can evaluate subject matter eligibility under § 101 without formal claim construction. *Id.*

Citing *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018), Reese argues that we should adopt his—the non-movant's—proposed claim constructions in evaluating subject matter eligibility. Appellant Br. 14–15. Yet Reese proceeds to argue that

Defendants' proposed constructions are more specific, requiring "a wired (rather than wireless or cellular) connection and a specific subset of analog signaling" that transform "any alleged abstract idea" in the claims into an inventive concept. *Id.* at 18–19. Reese also argues that if the court adopted his admittedly broader constructions, the claims nevertheless contain an inventive concept. *Id.* at 20.

As such, Reese contends that the claims recite patent-eligible subject matter under either of the parties' proposed constructions and fails to provide any reasoning why any claim construction dispute is relevant to the eligibility issue. The mere fact that Defendants' proposed constructions might be more specific and therefore limited to a particular technological environment does not transform an otherwise abstract idea into a patent-eligible application. *See Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1259 (Fed. Cir. 2016). Nor does Reese argue that any limitations, either alone or in combination, in any of the parties' constructions were anything but "well-understood, routine, [and] conventional activities previously known to the industry." *Content Extraction*, 776 F.3d at 1347–48. Accordingly, we determine that there is no claim construction dispute relevant to eligibility and that we can fully understand the basic character of the claims without claim construction. The district court did not err in deciding summary judgment without construing the claims.

## II. *Alice* Step One

Under step one, we consider whether the character of the claims in their entirety is directed to a patent-ineligible concept. *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015). Claims 23 and 32 recite a method for indicating to a first party engaged in a call with a second party, an incoming call from a third party with a private number, comprising the steps of receiving at a TCO a third party DN flagged as private, and the TCO then sending the CW tone signal to the first party. *See* '150

patent col. 10 l. 15–col. 11 l. 26. According to Reese, the purpose of these claims "is to indicate to a subscriber to both call waiting and caller ID, who is already engaged in a call, using an audible tone signal, the existence of an incoming call from a third party whose directory telephone number has been flagged as private." Appellant Br. 26–27. By Reese's own terms, this identified purpose of the claims is abstract.

The claims are directed to the abstract idea of receiving information (a calling phone number flagged as private) and sending an indication (an audible tone) to a party already engaged in a call. The claims do not recite any particular method of receiving the information and sending the indicating tone in response. *See Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1342 (Fed. Cir. 2018). The claims here are akin to concepts of receiving and displaying (indicating) information (an incoming call from a private number) that fall into a familiar class of claims directed to abstract ideas. *See Elec. Power Grp.*, 830 F.3d at 1353. Although Reese argues that the claims require specific telephone features, merely limiting claims to a particular technological environment does not render the claims any less abstract. *Affinity Labs*, 838 F.3d at 1259. Accordingly, claims 23 and 32 are directed to a patent-ineligible abstract idea.

### III. *Alice* Step Two

For the claims to be salvaged under step two, we search for an inventive concept sufficient to transform the claims into significantly more than the abstract idea itself. *Content Extraction*, 776 F.3d at 1347. Merely reciting the use of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention. *Alice*, 573 U.S. at 223. Similarly, steps that generically recite the use of a telephone network cannot confer patent eligibility. *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 615 (Fed. Cir. 2016).

Reese does not point to any non-generic telephone network components and instead, asserts that "no successful combination of caller ID and call waiting yet existed" and that his "combination of known switching equipment with the steps set forth" in the claims removes them from abstractness. Appellant Br. 34–35. Yet despite Reese's assertion, the claims at issue only recite steps that the '150 patent itself describes as prior art: sending a call waiting signal when a phone number is flagged as private. *See* '150 patent col. 2 ll. 6–8 ("If the directory telephone number is flagged 'private', the terminating central office equipment connects to the called party telephone line with ringing only."). And by the '150 patent's own terms, the claims do not recite any non-conventional equipment. *See, e.g., id.* at col. 1 l. 16–col. 2 l. 12 (describing conventional telephony equipment and services). Further, the claims recite functional language lacking "any requirements for *how* the desired result is achieved." *Elec. Power Grp.*, 830 F.3d at 1355 (emphasis in original). Nothing in the claims requires anything other than conventional telephone network equipment to perform the generic functions of receiving and sending information. Reciting an abstract idea and applying it on telephone network equipment is not enough for patent eligibility. *See Alice*, 573 U.S. at 223. Accordingly, the claims do not contain an inventive concept.

## CONCLUSION

We have considered Reese's other arguments and find them unpersuasive. The district court correctly determined that claims 23 and 32 of the '150 patent are directed to patent-ineligible subject matter.

## **AFFIRMED**

### COSTS

No costs.